FILED
2023 Sep-27  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |
|---|---|
| TUCKER OLIVER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., and DENSO INTERNATIONAL AMERICA, INC.,<br><br>Defendants. | Case No.: 5:20-cv-00666-MHH |

## DENSO INTERNATIONAL AMERICA, INC.'S
## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
## THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Denso International America, Inc. ("Denso" or "DIAM")[1] respectfully submits this reply brief in further support of its motion to dismiss the Third Amended Class Action Complaint (the "New Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    INTRODUCTION

Plaintiffs' New Complaint is fundamentally deficient, and their opposition to Denso's motion to dismiss only illustrates that point.  For one, Plaintiffs now

---

[1] Denso Corporation is a distinct entity and not a party to this litigation.  All abbreviations and acronyms not defined herein shall have the same meaning as defined in Denso's moving brief. Dkt. No. 113.

explicitly abandon several of their claims after Denso demonstrated those claims' fatal flaws. *See infra* p. 3. In respect of several other claims, Plaintiffs' *sole* argument now is that this Court should not have dismissed them the last time around. In these instances, Plaintiff can point to no new factual allegations to cure the deficiencies the Court identified in its prior dismissal (the "Opinion," Dkt. No. 96), instead relying on new theories and new cases that it could have, but did not, bring to the Court's attention previously. Plaintiffs thus seek a *de facto* reconsideration of several claims—an issue that is not properly before the Court and could only have been brought by seeking leave to appeal.[2]

Moreover, the New Complaint's sparse new allegations fall far short of curing the Prior Complaint's deficiencies. With respect to whether Plaintiffs plausibly alleged the type of relationship with Denso that gives rise to a duty to disclose—an issue that the Court recognized as dispositive of many of Plaintiffs' fraudulent concealment and statutory consumer-protection claims—the New Complaint adds allegations at paragraphs 305-311 seemingly intended to cure the Prior Complaints' failings.[3] Yet, these new allegations do not contain a single fact supporting the

---

[2]"[A]s a general rule, '[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" *Powers v. Chadwell Homes of Alabama, LLC*, No. 1:18-cv-01452-MHH, 2020 WL 2747124, at *1 (N.D. Al., May 27, 2020) (Haikala, J.) (citations omitted).

[3]In its moving papers, Dkt. No. 113, Denso mistakenly referred to paragraph 304 as among Plaintiffs' new allegations. Paragraph 304 is not new; it appears in identical form in the

existence of a special, or any, relationship between Denso and consumers except in the most conclusory fashion, notwithstanding that the Court held in the Opinion that a special or fiduciary relationship is required for a duty to disclose to arise under the laws of the respective states.  Instead, these new allegations seem targeted at an argument that a duty to disclose arose because of a known "safety risk."  These new facts cannot possibly cure Plaintiffs' failures to allege a special or fiduciary relationship.    Rather, Plaintiff is now attempting to support an argument that the Court got it wrong last time around, and that no special or fiduciary relationship is required at all.

For the reasons below, Plaintiffs' other claims remain similarly flawed. Accordingly, Plaintiffs' New Complaint should be dismissed with prejudice as further amendment would be futile and would prejudice Denso.

## II.    PLAINTIFFS CONCEDE SEVERAL CLAIMS

As an initial matter, in their opposition Plaintiffs concede a number of claims asserted against Denso in the New Complaint: (1) Louisiana fraudulent omission claim (Count 29) (Pl. Opp. at 7, n.4), (2) Louisiana Products Liability Act claim

---

Consolidated Amended Class Action Complaint, Dkt. No. 57.  It states: "Denso made specific remarks about its Fuel Pumps, claiming 'not all fuel pumps are created equal,' and that its Fuel Pumps 'offer more than triple the lifetime . . . .'"  The Court previously ruled that these statements amounted to non-actionable puffery.  Order, Dkt. No. 96, at p. 60 ("[T]he Court finds that plaintiffs did not plead fraud based on misrepresentations because *all statements attributable to Denso are puffery*.") (emphasis added).  The New Complaint does not add a single new statement attributable to Denso.

(Count 31) (*Id.*, at p. 25, n.8); New Jersey Product Liability Act claim (Count 45) (*Id.*); Ohio Products Liability Act claim (Count 64) (*Id.*).  Given this concession, Denso does not further address the claims, each of which should be dismissed with prejudice.

## III.   PLAINTIFFS FAIL TO STATE CLAIMS FOR COMMON LAW FRAUDULENT OMISSION

### a.   Plaintiffs have not cured their failure to allege a duty to disclose.

This Court previously dismissed Plaintiffs' fraudulent concealment or omission claims under the under the laws of Illinois, Louisiana, Maryland, New Jersey, North Carolina, Ohio, and Pennsylvania for failure to allege the requisite fiduciary or special relationship with Denso that would give rise to a duty to disclose. *See* Opinion at pp. 67-68 (Illinois), 68 (Louisiana), 68-70 (Maryland), 71-72 (New Jersey), 73 (North Carolina), 73-74 (Ohio), and 74 (Pennsylvania).  In addition, the Court dismissed fraudulent concealment claims under Massachusetts law for failure to plausibly allege that Denso knew of the alleged defect when the Massachusetts plaintiff purchased his vehicle in 2015 (Opinion at pp. 70-71); and under the law of Alabama for failure to allege a manifest injury (Opinion at pp. 63-64).  For the reasons below, the New Complaint cures none of these deficiencies so Plaintiffs' fraudulent concealment or omission claims should be dismissed with prejudice.

Illinois.  Plaintiffs' sole argument that the New Complaint sufficiently alleges a duty to disclose under Illinois law amounts to a request for a do-over.  Specifically, Plaintiffs argue that the Court applied the wrong standard in its prior Opinion.

The Court previously dismissed the Illinois claim on the basis that Illinois law requires a "fiduciary or confidential relationship with Denso," and that Plaintiffs had failed to allege such a relationship.  Opinion at pp. 67-68 (citing *Flynn v. FCA US LLC*, 327 F.R.D. 206, 218 (S.D. Ill. 2018).   Plaintiffs do not argue now that they have alleged new facts demonstrating the existence of a confidential or fiduciary relationship, nor could they.  Instead, Plaintiffs argue—in direct contravention of the Court's prior ruling—that "Denso had a duty to disclose the defect, *regardless of any relationship with Plaintiffs and Class Members.*"  Pl. Opp. at 9 (emphasis added).  Specifically, Plaintiffs say Denso was obligated to disclose the alleged defect because it presented a "safety risk."  *Id.*  Plaintiffs make no effort to distinguish *Flynn* or the cases that Denso cites, or to otherwise explain why a different standard applies now than when the Court issued its Opinion.  Plaintiffs, who did not seek reconsideration or leave to appeal the Court's prior ruling cannot now seek to argue for a different legal standard.  *Am. Civ. Liberties Union v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").  The claim should be dismissed on that basis alone.

Plaintiffs' argument is also substantively incorrect. In *Connick v. Suzuki Motor Co.*, which the *Flynn* court relied upon, the Illinois Supreme Court held that a claim for fraudulent concealment requires a fiduciary or special trust relationship. 174 Ill. 2d 482, 499-501 (1996). *See also*, *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1058 (N.D. Ill. 2022), (internal quotations omitted)("Illinois state and federal courts have rarely found a special trust relationship to exist in the absence of a more formal fiduciary one. . . . In short, the defendant accused of fraudulent concealment must exercise 'overwhelming influence' over the plaintiff.")

Neither the Illinois Supreme Court nor any Illinois appellate court has endorsed Plaintiffs' "safety risk" theory of disclosure. Even assuming Plaintiffs' out-of-circuit trial court cases are somehow good law despite *Connick*, they are distinguishable and inapposite. *In re Chevrolet Bolt EV Battery Litigation* requires that silence be "accompanied by deceptive conduct," but Plaintiff's new allegations of active deception are entirely conclusory. *See* New Complaint ¶ 306; *see also* 633 F. Supp. 3d 921, 964 (E.D. Mich. 2022). And the *Porsche* case is irrelevant; it does not even include a claim for fraudulent concealment under Illinois law. Plaintiffs cite only to a section analyzing the duty to disclose under an Ohio consumer protection statute without explaining how that could possibly be pertinent to the issue here. *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 871 (S.D. Ohio 2012).

<u>Louisiana</u>.  Plaintiffs concede their claim for fraudulent concealment under Louisiana law.  Therefore, that claim should be dismissed with prejudice.  *See supra,* pp. 2-3.

<u>Maryland</u>.  Plaintiffs' Maryland claim fails for the same reasons as its Illinois claim, discussed *supra*.  Namely, Plaintiffs' sole argument is that a different standard should apply than the one the Court applied in its Order dismissing the Maryland claim for failure to adequately allege a duty to disclose.  There, the Court held that, under Maryland law, a "duty to speak arises when one party is in a fiduciary or confidential relationship with the other . . . ."  Opinion, at pp. 68-69.  Importantly, the Court also held that "[a]bsent a special relationship, silence alone does not constitute fraud."  *Id.*  Now, Plaintiff argues that silence alone *does* constitute fraud *even absent a special relationship* where the silence relates to "safety defects."  Pl. Br. at 10.  It is too late for Plaintiffs to relitigate the Court's findings on this issue, and the claim should be dismissed on that basis alone.  *See supra* p. 3-4; *Mukasey*, 534 F.3d at 187.

Tellingly, Plaintiffs cite no new facts at all in support of their new argument, only old allegations that the Court considered previously when it issued its prior ruling.  And the allegations that they do cite—paragraphs 37, 270, 388, 393—relate only to *Honda*'s disclosure obligations under the TREAD Act, not to Denso's  There are no allegations in the New Complaint (or any iteration of the complaint) regarding

Denso's disclosure obligations under the Tread Act, if any.[4] This failure is especially telling because the only Maryland case Plaintiffs cite is *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526 (D. Md. 2011), which involved an OEM's claimed duty of disclosure under the TREAD Act, and, as explained in the following paragraph, Plaintiffs make no such allegations against Denso. Put differently, even if a duty to disclose for purposes of a fraudulent concealment claim could arise under the TREAD Act, an argument that that, as noted below, this Court has already rejected, Plaintiffs' claim is still not well-pled against Denso because the New Complaint only alleges that such a duty arose on the part of Honda, not Denso. *See* New Complaint, at ¶¶ 37, 270, 388, 393.

Moreover, the Court already rejected this argument against Honda, and there is no reason to think it would reach a different result against Denso, even if the allegations were well pled against Denso (which they are not). Opinion, at p. 118 ("The allegations that Honda owed plaintiffs a duty of disclosure under the TREAD Act are unpersuasive because plaintiffs do not allege that the Act creates a duty of disclosure.).

New Jersey. The Court previously held in dismissing Plaintiffs' New Jersey fraudulent concealment claim that "New Jersey does not recognize a 'duty to

---

[4]And even if there were, Denso does not concede that the triggering of a requirement to disclose information to NHTSA is relevant to when, if ever, Maryland law requires a component manufacturer to disclose known defects to consumers absent a special or fiduciary relationship.

disclose based merely on superior knowledge in an arm's-length transaction . . . .'" Opinion, at p. 71 (citation omitted). Instead, a fiduciary or special relationship of trust is required. *See id.* Here, too, Plaintiffs attempt to relitigate this Court's prior holdings, arguing that a duty to disclose arises when "one party possesses superior knowledge . . . ." Pl. Br. at 11, (citing *Aetna Ca. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 581 (2d Cir. 2005). *Aniero Concrete*, however, construed New York law, not Net Jersey law, so it is inapposite. *Id.* ("The elements of fraudulent concealment under New York law are . . . ."). In any event, as discussed in Denso's moving papers at p. 5, Plaintiffs' conclusory allegations of a "special relationship" (New Complaint, ¶ 307) of "trust and confidence" (*id.*, ¶ 308-309) are flatly contradicted by the laws of the respective states because it is merely the relationship that exists between *every* buyer and seller. *See* Opinion, p. 72 ("Plaintiffs have not alleged that they had a fiduciary relationship with Denso, nor have they alleged a relationship of trust of confidence.").

North Carolina. Plaintiffs' new allegations do not cure the deficiencies the Court identified in its prior ruling. There, the Court identified three scenarios that give rise to a duty to disclose under the law of North Carolina. Opinion, at p.73. Plaintiffs suggest different cases in their opposition brief, which, to the extent they put forth a standard different than that already identified by the Court must be ignored. *See supra* p. 3-4; *Mukasey*, 534 F.3d at 187. In any event, *Harton v. Harton*

does not apply because it requires an arms-length transaction, which plainly never occurred between Denso and Plaintiffs. *See* 81 N.C. App. 295, 298 (1986). And *Everts* does nothing more than restate the second factor that the Court previously found: that a duty to disclose arises when a party "has knowledge of a latent defect in the subject matter of the negotiations about which the other party is both ignorant and unable to discover through reasonable diligence." Opinion, at p. 73; 555 S.E.2d 667, 674 (N.C. Ct. App. 2001).

None of the allegations in the New Complaint come close to imposing a disclosure requirement on Denso. Plaintiffs' new allegations regarding a "special relationship" of "trust" (New Complaint ¶¶ 307-310) are entirely conclusory for the reasons stated elsewhere in this brief. So, too, are its allegations regarding active concealment (*id.* ¶ 306). Moreover, the allegations that Plaintiffs had no way to discover the latent defect do not state a claim here because the Court previously ruled that "negotiations" were required, and Plaintiffs here never negotiated or otherwise transacted business with Denso.

<u>Ohio</u>. As in every other state at issue, Plaintiffs seek only to relitigate issues that this Court has already resolved adversely to them. In any case, they cite only two Ohio authorities, neither of which addresses the issues at hand. *Prudential Ins. Co. v. Eslick*, 586 F.Supp 763, 766 (S.D. Ohio 1984) involves the duty of disclosure in insurance transactions. They also cite *In re Porsche Cars N. Am., Inc.*, 880 F.

Supp. 2d 801, 871 (S.D. Ohio 2012), which in pertinent part involved only a claim under the Ohio Consumer Sales Practices Act (OCSPA) ("[o]mission as are actionable under the OCSPA if . . . ), not a common law omission claim. Tellingly, even if *Porsche* were on point, it has never been cited by a single other Ohio court.

<u>Pennsylvania</u>.  Again, in Pennsylvania offer no new facts, only untimely new arguments which should not be considered.  In any case, those new arguments lack merit.  The only Pennsylvania authority cited is *Zwiercan v. Gen. Motors Corp*., No. 3235 JUNE.TERM 1999, 2003 WL 1848571, at *2 (Pa. Com. Pl. Mar. 18, 2003); a state trial court opinion involving reliance, not duty of disclosure, in an Unfair Trade Practices claim that never addresses common law omission claims.  Further, *Zwiercan* has been broadly rejected by other Pennsylvania courts.  See *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 461 (E.D. Pa. 2013) ("[Zwiercan] has not been followed and was later rejected . . . "

> b. **The Massachusetts claim remains time-barred.**

This Court dismissed Plaintiff Kansky's claim because he purchased his vehicle in 2015 and the patent filing which purportedly supported Denso's knowledge of a defect occurred in 2016.  Opinion at 70. This holding is unsurprising, since Plaintiffs admit that "Denso first learned of the Fuel Pump Defect [in 2016]," New Complaint ¶277. In their Brief, Plaintiffs now allege that "Plaintiffs' allegations, taken as a whole, also raise an inference that Denso knew about the Fuel

Pump Defect before 2016, likely as far back as 2013." (Plaintiffs' Response Brief, p. 14). "Likely as far back . . . " does not state a claim and the supposed inference does not withstand scrutiny. Plaintiffs rely on two California cases, *In re MyFord Touch Consumer Litig*., 46 F. Supp. 3d 936, 958 (N.D.Cal 2014) and *Falco v. Nissan N. Am., Inc*., No. CV 13–00686 DDP (MANx), 2013 WL 5575065, at *6–7 (C.D. Cal. Oct. 10, 2013). In *My Ford* Touch, the courts held only that plaintiffs had plausibly alleged knowledge of a defect based on the cumulation of numerous Technical Service Bulletins issued by Ford to its dealers., customer complaints to Ford and NHTSA and the statement of a dealership salesperson. *Id.* at 957-958. Similarly, in *Falco,* Plaintiff alleged knowledge of defect based on:

> pre-production testing, preproduction design failure mode and analysis data, production design failure mode and analysis data, early consumer complaints made exclusively to Nissan's network of dealers and directly to Nissan, aggregate warranty data compiled from Nissan's network of dealers, testing conducted by Nissan in response to consumer complaints, and repair order and parts data received by Nissan from Nissan's network of dealers.

The Court held that given the confluence of these many datapoints Plaintiff had plausibly alleged knowledge.

Plaintiffs here do not and cannot argue that the facts in *MyFord* or *Falco* are identical to, or even comparable, to those in the California cases. The facts are *sui generis* and tell us nothing about the adequacy of Plaintiff's claims here. But *t*his Court has already held that Plaintiff Kansky's allegations of customer complaints

and similar "circumstantial" evidence of knowledge did not support a plausible inference of knowledge prior to 2016, describing Plaintiffs' allegations as the "vague" and a "mixed bag." *See* Opinion at p. 70. . The New Complaint offers no additional facts that could change that conclusion.

  **c.**  **Plaintiffs Alabama fraudulent omission claim remains defective both for failure to allege a manifest injury and as a result of the economic loss doctrine.**

   Plaintiffs' attempt to muddle the holding of the Alabama Supreme Court in *Rice*, but the language of that opinion could not be clearer: "Does an alleged product defect that has not manifested itself in such a way as to cause any observable adverse physical or economic consequences constitute an "injury" that will support a claim of fraudulent suppression? We simply hold that it does not." *Ford Motor Company v. Rice*, 726 So.2d. 626, 631 (1998). Here Plaintiffs have alleged no injury just diminution in value, and so under the plain holding of *Rice* their claims must be dismissed. As discussed in Denso's moving papers, recent decisions confirm this interpretation. Plaintiffs' laser-focus on the *dicta* in footnote one of *Rice* concerning a question that the court expressly did not resolve is off base given the plain language of the holding, quoted above.[5]

---

[5]Plaintiffs' argument that Denso forfeited its argument regarding manifest injury is wrong. For one, Plaintiffs only alleged diminution in value *for the first time* in their latest complaint after the Court dismissed the Alabama claim in its prior Order. Denso could not have possibly waived or forfeited an argument that wasn't even before the Court until now. Moreover, under the plain language of Rule 12(h)(1), a defense under rule 12(b)(6) is never waivable. In any event, the Court

The economic loss doctrine provides an independent basis for dismissal of the Alabama fraudulent concealment claim.  The Alabama Supreme Court apparently has never addressed the question of whether the economic loss doctrine bars a fraudulent concealment claim, but other courts have.[6]  *See, e.g. Harm v. Tauraus Int'l Manuf., Inc.*, 585 F.Supp.3d 1155, 1165-55 (M.D. Ala. 2022) (applying Alabama's economic loss doctrine to bar "fraudulent concealment" claim, among other torts, and recognizing the "clear precedent from Alabama appellate courts that the economic-loss rule prevents tort recovery if there is no damage to property other than the product itself.

Lastly, although the Court did not need to address it in its prior ruling, Alabama requires a confidential or fiduciary relationship to give rise to a duty to disclose, and for the reasons discussed elsewhere in this brief and in Denso's moving papers, no such relationship is alleged.  *See, e.g. Jewell v. Seaboard Indus., Inc.,* 667 So.2d 653, 658 (Ala. 1995).

---

could still consider this argument via a later Rule 12(c) motion brought be Denso, so it should consider the merits here to avoid needless additional filings and motion practice.

[6]*In Ford Motor Co. v. Rice,* the Alabama Supreme Court stated that "our holding to that effect does not imply that this Court is adopting the 'economic loss rule' with respect to claims of fraudulent inducement," but that issue was not even before the court and it did not decide the issue. 726 So.2d at 631

## IV.  PLAINTIFFS' STATUTORY OMISSION CLAIMS ARE EQUALLY DEFICIENT

<u>North Carolina and Pennsylvania</u>.  The Court dismissed the North Carolina and Pennsylvania statutory omission claims on the basis that they required a duty to disclose and that Plaintiffs alleged no such duty.  *See* Opinion at p. 93 ("For a concealment or omission to be actionable under the UDTPA, the defendant must have had a duty to disclose that which was concealed or omitted.") (North Carolina); *id.* at p. 94 ("When allegations underlying a UTPCPL claim involve a defendant's nondisclosure rather than misrepresentation, the omission is actionable only if there is a duty to disclose. In other words, for silence to be actionable there must be a duty to speak.").  As discussed *supra*, at pp. 6-7, Plaintiffs have still failed to allege a duty to disclose under either Pennsylvania or North Carolina laws, so the statutory claims must be dismissed as well.

Plaintiffs' new arguments (*see* Pl. Br. at pp. 19-23) are nothing more than an attempt to relitigate the Court's prior ruling, which is not permissible at this stage. *See supra* p. 3-4; *Mukasey*, 534 F.3d at 187.  Tellingly, nowhere in these pages do the Plaintiffs cite to a single new allegation, so there is nothing new for the Court to consider.

Defendants' new legal arguments, even if properly before the Court, are unhelpful:

*City of High Point* requires "affirmative steps to conceal material facts," but the New Complaint alleges no such non-conclusory facts. 485 F.Supp.3d 608, 635 (M.D.N.C. 2020). "Mere nondisclosure does not constitute active concealment." *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. 2013) (collecting cases). Moreover, Plaintiffs argue allegations of placing a defective fuel pump into the stream of commerce are "unfair" and thus meet the pleading standard, but they cite no cases to support this new argument or explain why the Court's prior ruling was incorrect. *Bumpers* involved allegations that a lender charged excessive closing fees on a consumer who took out a loan to pay off a credit card and to perform home repairs. *Bumpers v. Cmty. Bank of N. Virginia*, 747 S.E.2d 220 (N.C. 2013). It does not support an argument that Plaintiffs allegations here are well pled.

Plaintiffs' cite cases stating that the UTPCPL should be "liberally construe" and should be interpreted under a "lenient" or "less restrictive" pleading standard. Pl. Opp. at 22-23. Even accepting this proposition, Plaintiffs don't explain how this changes the Court's prior ruling that they failed to allege a duty to disclose. Moreover, the *Davis* case is inapposite because it deals only with affirmative representations—not omissions—and the Court already found that Plaintiffs failed to plead any actionable affirmative statements (all statements alleged were puffery). *Davis v. Mony Life Ins. Co.*, 2008 WL 4170250, at *6 (W.D. Pa. Sept 2, 2008).

<u>Maryland</u>.  The Court dismissed the Maryland statutory omission claim for failure to allege a non-speculative injury, finding that a diminution in resale value is a speculative future injury under Maryland law.  Opinion, at pp. 88-89.  The New Complaint engages in some word play to attempt to correct this failure, and now states that Plaintiff suffered "actual injury" because he overpaid for his vehicle.  The "new" allegation is conclusory and duplicative of the old, with some words moved around.  The alleged loss is still speculative and unquantifiable; Plaintiff does not and cannot allege the amount by which he claims to have overpaid.  Even Plaintiffs' new case, *Lloyd*, is clear that the loss alleged must be "quantify[able]" or measurable by reference to the difference between what the consumer actually paid versus what he or she would have paid.  *See Lloyd v. Gen. Motors Corp.,* 397 Md. 108, 149-50 (2007).  Plaintiffs' new allegation is insufficient under *Lloyd*.

<u>New Jersey</u>.  The Court dismissed the New Jersey statutory omission claim because Plaintiff Stein, as a lessee, did not suffer an ascertainable loss beyond the speculative notion that he might have leased his vehicle for less.  Opinion pp. 78-79.  As discussed in Denso's moving papers, Plaintiffs have not changed or added any new allegations affecting this claim.  There is nothing more for the Court to consider so it must be dismissed, this time with prejudice.

## V.    CONCLUSION

For the foregoing reasons, and for the reasons stated in its moving papers, Denso respectfully requests that the Court grant its motion and dismiss the claims discussed therein, this time with prejudice.

Dated:  September 27, 2023

/s/ *Daniel R.W. Rustmann*
Daniel R.W. Rustmann (*pro hac vice*)
**BUTZEL LONG, P.C.**
150 West Jefferson Avenue, Suite 100
Detroit, MI 48226
Telephone: (313) 225-7000
rustmann@butzel.com

Sheldon H. Klein (*pro hac vice*)
**BUTZEL LONG, P.C.**
201 W Big Beaver Rd Suite 1200
Troy, MI 48084
Telephone: (248) 258-1414
klein@butzel.com

John Earnhardt
Lee Bains
Carmen Chambers
Mary K. Mangan
**MAYNARD NEXSEN PC**
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1000
jearnhardt@maynardnexsen.com
lbains@maynardnexsen.com
cchambers@maynardnexsen.com
mmangan@maynardnexsen.com

*Counsel for Denso International America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ John Earnhardt
OF COUNSEL