FILED
2025 Jan-22 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| TUCKER OLIVER, SARAH ARIAUDO, MICHELLE WELCHER, LASHONDA WALTERS-KAYODE, SCOTT LUCAS, KENNETH KANSKY, DENESE COSPER, DONALD HACKMAN, JIM CUMMINGS, DAVID DINKEVICH, RICHARD STEIN, and CAROL BUTLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO. INC., and DENSO INTERNATIONAL AMERICA, INC.,<br><br>Defendants. | Case No.: 5:20-cv-00666-MHH<br><br>Judge Madeline H. Haikala |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS DENSO INTERNATIONAL AMERICA, INC., AND AMERICAN HONDA MOTOR CO., INC.'S MOTION FOR MODIFICATION OF SCHEDULING ORDER

## I.    INTRODUCTION

This case will soon realize its fifth birthday. In the past five years, Defendants Denso International America, Inc. ("Denso") and American Honda Motor Co., Inc. ("Honda") have delayed in negotiating discovery orders, delayed in negotiating search terms and custodians, delayed the production of documents, and delayed providing deposition dates for their witnesses. Instead of being diligent, Honda and Denso now try to blame the expansive scope of the defect, claiming at every step the delays were the Plaintiffs' fault for alleging an expansive class, which made discovery complex. But Plaintiffs' allegations were and are well-founded; just last year, Honda expanded its recall – again – to cover some (but not all) vehicles produced from 2013 to 2023,[1] thereby conceding the accuracy of Plaintiffs' allegation five years ago that Honda's recall did not cover all affected vehicles. And while the discovery is more complex than a normal two-party lawsuit, it is not unusually complex for an automotive defect class action, and Honda and Denso are regular federal court litigants, including in automotive or multi-party antitrust class cases,[2] so these complexities are not new. Indeed, Denso was also a defendant in three separate class actions against other car manufacturers over the same defective

---

[1] Ex. 1, Honda Safety Recall 23V-858 (Issued May 2, 2024).
[2] See In re Honda Idle Stop Litig., No. 2:22-CV-04252-MCS-SK, 2024 WL 5274644 (C.D. Cal. Dec. 26, 2024); In re Auto. Parts Antitrust Litig., No. 12-MD-02311, 2013 WL 2456585, at *1 (E.D. Mich. June 6, 2013).

Fuel Pumps at issue here and provided substantial formal and informal discovery in those cases, all of which have settled.[3]

Against this backdrop, Honda and Denso now seek a third modification of the scheduling order, despite failing to show the requisite level of good cause and diligence. Moreover, the 120-day extension Defendants seek, which would move the fact discovery cutoff from February 26, 2025 to June 26, 2025, will severely prejudice Plaintiffs, as Plaintiffs' counsel has a multi-week class action trial against Honda in the Central District of California starting in late May, which will include many of the same Honda witnesses in this case, including Honda's anticipated expert Jason Arst, and, given their unavailability, no doubt will lead to yet another request from Defendants to extend the discovery cutoff.

Accordingly, Defendants' motion to modify the Scheduling Order ("Motion") should be denied in its entirety.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Case Origination and Early Discovery Orders

Plaintiffs filed this class action on May 11, 2020. ECF 1. On June 1, 2021, Plaintiffs served their first discovery requests on Defendants. After the discovery

---

[3] *Cohen, et al. v. Subaru Corp., et al.*, Case No. 1:20-cv-08442-CPO-AMD, Docket No. 259, (D.N.J.); *Cheng, et al, v. Toyota Motor Corp., et al,* No. 20-CV-00629-JRC, Docket No. 192, (E.D.N.Y. Jan. 22, 2024); *Vance, et al, v. Mazda Motor of N. Am., Inc.,* No. 8;21-cv-01890-JLS-KES, Docket No. 144. (final hearing in *Vance* scheduled for February 21, 2025).

stay was lifted with the Court's rulings on Defendants' motions to dismiss (ECF 96), Plaintiffs served amended discovery requests on Honda and Denso on May 12, 2023. Defendants should have responded to those requests within 30 days and, at a minimum, produced non-confidential responsive documents, but they did not.

After the Parties submitted their report of their Planning Meeting to the Court on June 14, 2023 (ECF 106), the Court entered its Scheduling Order on July 6, 2023. ECF 111. The Court set July 26, 2024, as the discovery cutoff, August 26, 2024, as the deadline for filing potentially dispositive motions, and September 20, 2024, and November 26, 2024, for Plaintiffs' and Defendants' expert disclosures, respectively. The Court set the case for trial in March 2025.

Even after the Court entered the Scheduling Order, Honda and Denso repeatedly refused to produce *any* documents, including non-confidential documents, or answer *any* interrogatories, until the Court entered a protective order and ESI protocol. During the Parties' contentious negotiations over the protective order and ESI protocol, which ultimately required Court intervention (ECF 132), weeks and months passed without Denso or Honda responding to Plaintiffs' correspondence regarding disputed issues, including their failure to produce documents. *See, e.g.*, Ex. 2, Honda's December 15, 2023, letter (acknowledging it is responding to Plaintiffs' September 26, 2023, letter, and refusing to produce documents until discovery orders are entered, despite Plaintiffs' pledge to keep the

material confidential). After the Court entered the Protective Order and an Order governing disputes under the Parties' Agreed ESI Protocol on April 5, 2024 (ECF 133), Honda and Denso finally began producing largely publicly available, non-confidential documents on April 10 and 11, 2024 respectively. In fact, Honda admits that it did not even *start* its "core review process" until after May 16, 2024 (ECF 165 at 4) despite knowing that it was under Court order to complete all fact discovery by July 26, 2024. This and Defendants' continuing stalling tactics described below ultimately led to a request for a modification of the Scheduling Order resulting in the current discovery cutoff of February 26, 2025. *See* Section G, *infra*.

### B. Search Terms

In or around March and April 2024, Honda, Denso, and Plaintiffs started negotiating search terms. Like all other aspects of discovery, however, Honda and Denso were dilatory in their responses. For example, in the summer of 2024, over a month passed without Honda and Denso responding to Plaintiffs' proposed search terms. *See* Ex 3, June 27, 2024, e-mail between counsel.  The Parties finally wrapped up search terms in or around August 2024.

### C. Named Plaintiff Depositions

Defendants were also dilatory in taking the discovery they sought from the named Plaintiffs. Under the Scheduling Order, the deadline for deposing named parties was May 26, 2024. ECF 111. On May 9, 2024, just over two weeks before

the deadline, Defendants noticed the depositions of all ten plaintiffs to be taken on May 20, 2024, or May 21, 2024. Plaintiffs' counsel objected to the notices as unreasonably short and advised Defendants that, in any event, Plaintiffs were not available on those dates. The Parties then jointly moved to extend the party deposition deadline to July 26, 2024, to align with fact discovery cutoff (ECF 146), which the Court granted. ECF 147. Defendants, with Plaintiffs' cooperation, deposed nine Plaintiffs between June 19, 2024, and August 5, 2024. While, long ago, Defendants stated they would inspect Plaintiffs' vehicles, so far, they have completed one inspection.

### D. Relevancy Redactions

On June 6, 2024, Honda raised a new issue that it used to further delay its productions – "relevancy redactions." *See* Ex. 4, Honda's June 6, 2024, letter. Despite knowing about this issue at least four or five months before, Honda waited until June 6 – the month before the then-operative discovery cutoff – to raise it. Plaintiffs quickly responded on June 13, 2024, and the Parties met and conferred on July 1, 2024. Following the meet and confer, Honda did not respond for over two weeks. Ex. 5, July 2024 e-mail between counsel. Ultimately, the Parties reached agreement on July 25, 2024.

### E. Delayed and Small Document Productions

Honda and Denso have been slow to produce documents, and their productions were small:

| Honda | | Denso | |
|---|---|---|---|
| *Approx. Date* | *No. of Documents* | *Approx. Date* | *No. of Documents* |
| 4/11/2024 | 1,441 | 4/11/2024 | 768 |
| 5/6/2024 | 481 | 6/5/2024 | 754 |
| 6/1/2024 | 437 | 6/13/2024 | 914 |
| 6/11/2024 | 47 | 7/3/2024 | 1,476 |
| 6/17/2024 | 16 | 9/23/2024 | 2,019 |
| 8/2/2024 | 3,644 | 10/11/2024 | 1,336 |
| 8/20/2024 | 679 | 11/27/2024 | 1,490 |
| 9/16/2024 | 3,300 | 12/19/2024 | 3,300 |
| 9/25/2024 | 2,290 | 1/14/2025 | 5,325 |
| 10/7/2024 | 2,578 | | |
| 11/12/2024 | 3 | | |
| 11/26/2024 | 1,506 | | |
| 1/9/2025 | 2,793 | | |
| 1/9/2025 | 4,984 | | |

### F.  Honda and Denso Ignored Requests for Deposition Dates

On October 29, 2024, Plaintiffs requested deposition dates for twelve Honda and Denso employees to be completed in December 2024 and January 2025. Honda responded on December 30, 2024, providing only one date for two witnesses. Denso did not provide dates for witnesses until January 8, 2025. On January 13, 2025, the parties reached an agreement on deposition dates for five witnesses starting on January 31, 2025. However, neither Denso nor Honda have provided additional dates for the remaining witnesses. Denso and Honda have not responded or objected to Plaintiffs' Rule 30(b)(6) notices, nor have they requested a meet and confer.

### G. Multiple Extensions Entered

Defendants' dilatory tactics have resulted in two previous extensions of the Scheduling Order. As stated above, Defendants' tardiness in noticing plaintiff depositions led to the first extension of the deadline for party depositions. ECF 147. By July 1, 2024, Honda still had only produced 2,422 documents with a total of 90 errors causing further discovery delays, and Denso had produced only 3,912 documents. After Defendants advised Plaintiffs that they intended to make multiple additional productions, including custodial documents from potential witnesses, but needed additional time due to the percentage of foreign language documents and redactions, among other reasons, Plaintiffs agreed to jointly move for a modification of the Scheduling Order.  ECF 152. Plaintiffs did so based on the Parties' agreement

that no further extensions would be required. Indeed, the joint motion specifically states: *"Based on the Parties' prior experience in complex automotive class actions, the time requested herein is necessary to complete **all remaining discovery**."* ECF 152 at 4 (emphasis added). The Court granted the motion on July 10, 2024, and extended all deadlines by approximately seven months, with February 26, 2025, as the discovery cutoff, March 28, 2025, as the deadline for filing potentially dispositive motions, and April 21, 2025, and June 26, 2025, for Plaintiffs' and Defendants' expert disclosures, respectively, and a trial in October 2025. ECF 153 ("Amended Scheduling Order").

Plaintiffs have been diligent and kept their word – they timely provided discovery to Defendants and are prepared to complete their discovery of Defendants by February 26, 2025. In stark contrast, Defendants have not been diligent and now seek to tack on another four months to the deadline they represented to the Court was all that was "necessary to complete all remaining discovery." Defendants' Motion should be denied because, as shown by the above chronology, their litigation strategy has been to delay so the case does not progress to trial for yet another year.

## III.    LEGAL STANDARD

Because Honda and Denso seek to modify the scheduling order, Federal Rule of Civil Procedure 16 governs their motion. *Celeski v. Tom Brown's Rest. at Madison LLC*, No. 5:22-CV-01600-HNJ, 2024 WL 4556068, at *2 (N.D. Ala. Oct. 23, 2024).

Rule 16(a)'s good cause standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.,* 257 F.3d 1218 (11th Cir.2008); *see also Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. Appx. 683, 685 (11th Cir. 2013) ("If [a] party was not diligent, the [good cause] inquiry should end."); *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").

"The burden of establishing good cause [and] diligence rests squarely on the party seeking relief from the scheduling order." *TIC Park Ctr., 9 LLC v. Cabot*, No. 16-24569-CIV, 2018 WL 4828435, at *4 (S.D. Fla. Aug. 28, 2018); *see also Celeski*, 2024 WL 4556068, at *2 ("Defendants bear the burden of demonstrating good cause under Rule 16 for failing to complete discovery within the Scheduling Order deadline."); *ConSeal Int'l Inc. v. Neogen Cor*p., No. 19-CV-61242, 2020 WL 2494596, at *6 (S.D. Fla. May 14, 2020); *Northstar Marine, Inc. v. Huffman*, No. 13-0037-WS-C, 2014 WL 3720537, at *3 (S.D. Ala. July 28, 2014). A conclusory assertion of diligence amounts to no explanation at all and is insufficient to establish good cause. *See Carruthers v. BSA Advertising, Inc*., 357 F.3d 1213, 1218 (11th Cir. 2004).

Such a rigorous standard is necessary, as court deadlines are neither "aspirational nor advisory." *Roberson v. BancorpSouth Bank, Inc*., No. 12-0669,

2013 WL 4870839, at *1 (S.D. Ala. Sept. 12, 2013); *see also Ameritox, Ltd. v. Aegis Servs. Corp.*, No. 07-80498, 2008 WL 2705435, at *2 (S.D. Fla. July 9, 2008).

///

///

///

///

///

## IV.    ARGUMENT

### A. Good Cause Does Not Exist to Modify the Scheduling Order

#### 1.    <u>Intentional Delay Tactics and Claims of Production Difficulties Are Not Good Cause</u>

Honda and Denso have not acted in good faith and have not been diligent. Their communications with Plaintiffs' counsel were few and far between, as weeks and months would pass without Honda's and Denso's counsel responding to correspondence. Honda and Denso's repeated practice of ignoring communications from Plaintiffs' counsel is not a justification for modification of the scheduling order. Honda, Denso, and their counsel cannot take forever to respond, fail to reach resolution, and then expect the Court to extend discovery deadlines and delay trial. *See Equal Emp. Opportunity Comm'n v. Hooters of Am., LLC*, 347 F.R.D. 445, 448

(M.D.N.C. 2024) ("Due diligence requires prompt attention to resolving discovery disputes along with attention to the deadlines in the scheduling order.").

Moreover, Honda and Denso cannot rely on search terms to justify modifying the Amended Scheduling Order. It took the Parties five to six months to resolve the search terms issues, mainly because Defendants would not respond to emails or letters. The delay was the Defendants' own doing. Furthermore, any issues caused by the search terms are not new, the search term dispute was resolved five months ago, and is no basis to extend the discovery deadline now. Plaintiffs are only learning of many of these "issues" for the first time in the Defendants' motion. With the discovery deadline drawing near, Honda and Denso's conduct, which may have been viewed as "merely discourteous at an earlier point," has now crossed the line to a blatant disregard for the Court's deadlines. *In re Seroquel Prods. Liab. Litig.,* 244 F.R.D. 650, 657 (M.D. Fla. 2007).

Further, Honda and Denso cannot rely on the fact some discovery documents are in Japanese. Honda and Denso are Japanese companies. Japanese to English and English to Japanese translations and accommodations are a normal part of their daily businesses. Honda and Denso are regular federal litigants – so any issues raised by Japanese documents in this case are not unique. Indeed, one of the cited reasons for the July 2024 extension request was that "[a]s with all discovery in these types of matters, the high percentage of foreign language documents and diverse global time

zones make the [discovery process more complex." ECF 152 at 4. Yet, Honda, which claims to have had problems with translations in this case, by its own admission, did not respond to the issue until *late December 2024* – six months after the July 2024 extension request and just two months before the extended discovery cutoff - when it decided to hire bilingual attorneys. ECF 165 at 7. Honda's lackadaisical attitude to its discovery obligations and the Court's deadlines is no basis to extend the fact discovery deadline.

Technical issues are also no excuse, especially where they persisted for nearly ten months without resolution. Honda's first production contained 73 errors alone, which Plaintiffs had to troubleshoot. Plaintiffs notified Defendants of these issues on numerous occasions, including in a July 1, 2024, letter. Despite both Defendants' use of an e-discovery vendor, as well as extensive experience in complex litigation, Honda and Denso argue they cannot produce documents in a timely manner. But claims of technical issues with productions are not a valid excuse for discovery delays. "E-discovery is still discovery. Unquestionably, at times, ESI discovery can be complex. But complex issues were not at play here. The same basic discovery principles that worked for the Flintstones still work for the Jetsons." *DR Distribs., LLC v. 21 Century Smoking, Inc.,* 513 F. Supp. 3d 839, 923 (N.D. Ill. 2021); *see also Brown v. Tellermate Holdings Ltd*., No. 2:11-cv-1122, 2014 WL 2987051, at *2, (S.D. Ohio July 1, 2014) ("[T]he underlying principles of discovery do not change

just because ESI is involved."); *Seroquel*, 244 F.R.D. at 657 (finding defendant was "purposefully sluggish in making effective production to Plaintiffs" and that defendant's repeated use of technical issues did not establish good cause).

But even if the Court were to take Honda and Denso at their word about all the problems they cite, "[i]t is way too late in the day for lawyers to expect to catch a break on e-discovery compliance because it is technically complex and resource-demanding." *DR Distribs., LLC,* 513 F. Supp. 3d at 942 (*quoting* Donald R. Lundberg, Electronically Stored Information and Spoliation of Evidence, 53 Res Gestae 131, 133 (2010)).

### 2.  <u>Remaining Discovery Tasks Do Not Justify an Extension</u>

Vehicle inspections, depositions, and the scope of discovery do not justify a third discovery extension. On September 9, 2024, Honda and Denso requested to inspect three Plaintiffs' vehicles. Plaintiffs readily made their vehicles available for inspection, but, after the second extension was entered, Honda changed the dates several times and delayed performing the inspections for almost four months. A party cannot create its own additional work and time obligations, ignore them, and then use those obligations to justify delays, especially here, where Honda and Denso knew the discovery deadline when the requests were made. Honda and Denso "should have been diligent in completing discovery in anticipation of that deadline." *Zurich Am. Ins. Co. v. Eur. Tile & Floors, Inc.*, No. 8:16-CV-729-T-33AAS, 2017

13

WL 638640, at *2 (M.D. Fla. Feb. 16, 2017); *see also Williams v. James River Grp. Inc.,* 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022) ("attesting that an attorney has overloaded his work obligations such that he cannot comply with established deadlines is not only an insufficient basis to modify case management deadlines, it is cause for alarm."); *Rumbough v. Experian Info. Solutions, Inc.,* No. 6:12–cv–811, 2013 WL 11325232, at *2 (M.D. Fla. Oct. 4, 2013) ("Plaintiff failed to act with any haste to resolve the dispute over the documents or setting the deposition").

Moreover, Plaintiffs provided Honda and Denso with topics for 30(b)(6) depositions on November 13, 2024. They have now had over two months to evaluate who will provide the testimony and whether more than one witness will be required, and negotiate the topics if required. But Honda and Denso have not responded or objected to the 30(b)(6) notices, or in any way acknowledge them, despite Plaintiffs' diligence.

Despite the Plaintiffs' counsel requesting deposition dates on October 29, 2024, Honda waited until December 30, 2024, to respond. Even more, Honda only provided a single date each for only two witnesses, with one date being the close of discovery. Denso did not provide available deposition dates until January 8, 2025. "[T]he scheduling of critical depositions mere weeks before the expiration of the discovery period does not constitute good cause." *Nutradose Labs, LLC v. Bio Dose*

14

*Pharma, LLC*, No. 22-CV-20780, 2022 WL 17582272, at *1 (S.D. Fla. Dec. 12, 2022).

Further, the scope of discovery in this case relates to Honda's and Denso's actions (and inactions), not Plaintiffs'. In May 2024, Honda expanded its 2023 recall to include model years going back to 2013. The scope of this case relates to Denso's and Honda's inability to manufacture a plastic impeller for, at least, ten years. The scope is large, but that's because the Defendants equipped up to ten million vehicles worldwide with dangerously defective impellers.

Honda and Denso's conduct throughout discovery has demonstrated they have not been diligent or acted in good faith. Honda and Denso "point to no surprises or unexpected developments that are out of the ordinary in a case of this nature. It is the most common thing in the world to have disagreements about ESI protocols and responses to document requests. It is not common to delay serving discovery and to take months to talk about discovery disputes without reaching resolution even as discovery deadlines loom." *EEOC,* 347 F.R.D. at 448; *see also Axis Surplus Ins. Co. v. Innisfree Hotels, Inc*., Civil Action No. 05–0527–WS–C, 2006 WL 2882373, at *4 n.9 (S.D. Ala. Oct. 6, 2006) (affirming order denying a party's "formal request for a discovery extension [because of] an insufficient showing of due diligence and extraordinary circumstances"). And because Honda and Denso have failed to demonstrate diligence, their "request for a modification of the Scheduling Order's

deadlines fails to satisfy the rigorous good-cause showing necessary under Rule 16(b)(4)." *Marquardt v. Ocean Reef Cmty. Ass'n*, No. 19-10110-CIV, 2021 WL 9599449, at *3 (S.D. Fla. Apr. 8, 2021). Accordingly, the Court should deny Defendants' motion.

## B. Modification of the Scheduling Order Would Severely Prejudice Both Parties

"Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *see also Makozy v. United Parcel Serv., Inc.*, No. 1:23-CV-21544, 2024 WL 4445711, at *1 (S.D. Fla. Sept. 30, 2024) (citing *Inge*); *Eran Fin. Servs., LLC v. Eran Indus. Ltd.*, No. 21-CV-81386-BER, 2024 WL 4124186, at *5 (S.D. Fla. July 18, 2024) (citing *Inge*). Not only did Honda and Denso fail to establish that they acted in good faith and were diligent, but the extension would also prejudice the Plaintiffs and Honda's own witnesses. As Plaintiffs' counsel told Honda and Denso's counsel during the meet and confers, Plaintiffs' counsel cannot agree to the extension because it conflicts with a trial starting May 20, 2025, in the Central District of California. Not only will that trial include most of the same Plaintiffs' counsel in this case, but it too is against Honda and will include many of the same witnesses Plaintiffs will be deposing in this case, as well as Honda's anticipated expert in this case. By pushing the discovery deadline to June 26, 2025, Honda and Denso are limiting the Plaintiffs'

counsel's ability to litigate this case, as well as severely limiting the availability of critical fact witnesses for deposition, which will inevitably cause further delay. *See Seroquel*, 244 F.R.D. at 665 (finding "risk of prejudice is exacerbated where each delay potentially affects" the schedules of other litigation) (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1236–37 (9th Cir. 2006)); *see also Yellow Pages Photos, Inc. v. Yellow Book USA, Inc.*, No. 8:08-CV-930-T-23EAJ, 2009 WL 10670233, at *1 (M.D. Fla. Aug. 14, 2009) ("Only a month remains before the close of discovery…An amendment at this stage of the case prejudices the plaintiff and rewards the defendants' undue delay.").

Moreover, Plaintiffs are prepared to depose Honda and Denso witnesses. While preparing for these depositions, Plaintiffs' counsel continues to review the rolling production of documents. Certainly, Honda, Denso, and their counsel have resources such that they can produce any remaining documents and prepare for depositions at the same time. *See Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) ("Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" also "should not be considered good cause."). Furthermore, it appears Defendants' document productions are nearly complete. They have produced 41,581 documents to date, and the last few productions have mostly consisted of duplicates and ancillary

documents. If Defendants do have additional documents to produce, they have not identified them.

Defendants don't have an unlimited time to produce documents. The close of discovery doesn't mean the last day to produce documents – practically, the documents must be produced earlier so they can be used at depositions. Defendants do not adequately explain why they cannot produce their remaining documents now, provide dates for all depositions now, and complete discovery by February 26, 2025.

Accordingly, it is in the best interest of all Parties to abide by the current Court-ordered deadlines and to proceed toward trial on the timeline directed by this Court.

**D. Good Cause Does Not Exist to Preclude One-Way Intervention**

As an initial matter, the Eleventh Circuit has "never adopted a prohibition against one-way intervention." *Sos v. State Farm Mut. Auto. Ins. Co*., No. 21-11769, 2023 WL 5608014, at *15 (11th Cir. Aug. 30, 2023). Furthermore, such a rule would conflict with this Court's discretionary powers. *Telfair v. First Union Mortg. Corp.,* 216 F.3d 1333, 1343 (11th Cir. 2000) ("[i]t [i]s within the court's discretion to consider the merits of the claims before their amenability to class certification").

In any case, this is a straw man argument. As Plaintiffs' counsel told Defendants' counsel multiple times, Plaintiffs read the "potentially dispositive motion" deadline to include their class certification motion. In other words, class

certification and summary judgment will proceed in parallel, avoiding any one-way intervention concerns.

**E. Defendants' Proposal Will Cause Further Delay.**

If Defendants' motion is granted and the deadlines in the Amended Scheduling Order are extended, it will only cause further delay. First, as mentioned above, it will put the close of discovery in the middle of a trial that will involve both Plaintiffs' counsel and Honda's witnesses, so there will be a large window where neither party is available for depositions at the end of the 120 days. Second, Honda and Denso claim they need 120 days to produce documents, not to complete discovery. These two concerns will necessitate a fourth extension to complete depositions, causing further delay. Not only may the discovery window have to be extended a fourth time, but trial will be further delayed because Honda and Denso are now, for the first time, trying to build in another discovery period *after* class certification. Honda and Denso propose a never-ending cycle of litigation, one that only bogs down this Court and prejudices Plaintiffs and the putative class.

## <u>CONCLUSION</u>

Honda and Denso failed to carry their burden of establishing they acted diligently and in good faith during discovery. Also, Plaintiffs will be severely prejudiced if their Motion is granted, as it will only cause further delay. Accordingly,

the Court should deny Defendants' Motion and litigation should proceed as previously scheduled by this Court.


Dated:  January 22, 2025

*/s/ W. Dnaiel "Dee" Miles, III*
W. Daniel "Dee" Miles, III
Demet Basar (*pro hac vice*)
H. Clay Barnett, III
J. Mitch Williams
Dylan T. Martin
Rebecca D. Gilliland
Trenton. H. Mann
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Dee.Miles@Beasleyallen.com
Demet.Basar@BeasleyAllen.com
Clay.Barnett@BeasleyAllen.com
Mitch.Williams@BeasleyAllen.com
Dylan.Martin@BeasleyAllen.com
Rebecca.Gilliland@Beasleyallen.com
Trent.Mann@Beasleyallen.com

Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

Christopher L. Ayers (*pro hac vice*)
**SEEGER WEISS LLP** |
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey 07660
Telephone: 973-639-9100
cayers@seegerweiss.com

*Counsel for Plaintiffs and
Interim Class Counsel*

Timothy G. Blood (*pro hac vice*)
**BLOOD HURST & O'REARDON, LLP**
501 West Broadway, Suite 1490
San Diego, California 92101
Telephone:  619-338-1100
tblood@bholaw.com

Christopher A. Seeger *
**SEEGER WEISS LLP** |
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Scott A. George *
**SEEGER WEISS LLP**
325 Chestnut St, Suite 917
Philadelphia, PA 19106
Telephone: 215-564-2300
sgeorge@seegerweiss.com

James E. Cecchi*
Caroline F. Bartlett*
**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: 973-994-1700
jcecchi@carellabyrne.com

Zachary S. Bower*
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
2222 Ponce DeLeon Blvd.
Miami, FL 33134
Telephone: 973-994-1700
zbower@carellabyrne.com

*Additional Counsel for Plaintiffs*

*\*pro hac vice* forthcoming

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2025, I electronically filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ *W. Daniel "Dee" Miles, III*
W. Daniel "Dee" Miles, III